UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDREW DAVENPORT                           CIVIL ACTION

VERSUS                                     NUMBER: 13-0505

ROBERT TANNER, ET AL.                      SECTION: "A"(5)

### REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* by *pro se* Plaintiff, Andrew Davenport, against defendants, Robert Tanner, Warden of the B.B. "Sixty" Rayburn Correctional Center ("RCC"); Nurse Wendy Seal; Doctor Casey McVea; EMT Jane A. Hillman; Major Jeff Williams; Lieutenant Brian Brumfield; Captain James B. Seal; and, Sergeant Master Jim Knight. (Rec. doc. 1). By way of an amended complaint, James M. LeBlanc, Secretary of the Louisiana Department of Public Safety and Corrections, was added as a defendant. (Rec. doc. 5). Stripped to essentials, Plaintiff, an inmate of RCC, alleged that his constitutional rights were violated when he was subjected to a physical body-cavity search after he refused correctional officers' repeated commands for him to submit to a visual body-cavity search as provided for in the RCC's governing regulations when an inmate is transferred to administrative segregation. (Rec. docs. 1, 5, 24).

This Report and Recommendation addresses only Plaintiff's claims against Nurse Seal, EMT Hillman and Secretary LeBlanc as well as two motions for injunctive relief that were more recently filed by plaintiff. (Rec. docs. 27, 28). As to the remaining claims, the

1

defendants have filed a Motion for a *Shultea* Reply (Rec. doc. 54), which will be addressed in due course.

Federal law mandates that federal courts screen complaints in which a prisoner seeks redress from an officer or employee of a governmental entity and to dismiss those portions of the complaint that are frivolous, malicious, or fail to state a claim upon which relief can be granted.  28 U.S.C. §1915A(a) and (b)(1).  *See also* 28 U.S.C. §1915(e)(2)(B)(i) and (ii); 42 U.S.C. §1997e(c).  A complaint is frivolous "… if it lacks an arguable basis in law or fact."  *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994).  In making this determination, the Court has "… not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Nietzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833 (1989); *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).  Broadly construing Plaintiff's pleadings, as the Court must, *Moore v. McDonald*, 30 F.3d 616, 520 (5th Cir. 1994), this Court recommends, for the reasons that follow, that Plaintiff's §1983 claims against Nurse Seal, EMT Hillman, and Secretary LeBlanc be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

As respects Nurse Seal and EMT Hillman, Plaintiff initially alleged in his original Complaint only that they were "present" when the body cavity search at issue was conducted. (Rec. doc. 1, p. 6).  That allegation was repeated by Plaintiff during the course of the preliminary conference that was previously conducted in this case. (Rec. doc. 24, pp. 1-2).  Elsewhere in his original complaint, Plaintiff alleged that "Nurse Wendy Seal and

2

E.M.T. Jane Hillman just stood by and watch[ed] as I was abused." (Rec. docs. 1, p. 11; 5, p. 16).  That is the extent of Plaintiff's allegations against those two defendants.

Construing Plaintiff's allegations as presenting a claim for the violation of his privacy rights, he cannot prevail as "[p]risoners retain, at best, a very minimal Fourth Amendment interest in privacy after incarceration."  *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).  "Prison policies and practices allowing male inmates to be strip searched in the presence of female officers are widely-utilized through state and federal prison systems, and the courts have generally recognized their constitutionality under the penumbra of 'legitimate penological interests.'"  *Bryant v. Strong*, No. 11-CV-1586, 2013 WL 504893 at *3 (S.D. Tex. Feb. 7, 2013)(quoting *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 2262 (1987)).  "The presence of female guards during a strip search does not amount to a constitutional violation of a prisoner's privacy rights."  *Udechukwu v. Quinlan*, 8 F.3d 23, 1993 WL 456403 at *1 (5th Cir. 1993)(citing *Letcher v. Turner*, 968 F.2d 508, 510 (5th Cir. 1992)).

Plaintiff has not adequately pleaded a claim for a failure to intervene on the part of Seal and/or Hillman.  In order to prevail on such a claim, Plaintiff would need to demonstrate that the two defendants were aware of a substantial risk of harm and failed to take reasonable measures to protect him from another guard's use of excessive force.  *Fontenot v. Gusman*, No. 11-CV-1772, 2012 WL 5196426 at *12 (E.D. La. Oct. 18, 2012).  Stated otherwise, "… the test is whether observing officer had actual knowledge of a substantial risk of harm to the inmate yet disregarded that risk and failed to take reasonable measures to prevent the resulting harm."  *Smith v. Franklin*, No. 10-CV-0138,

3

2010 WL 5563507 at *2 n. 2 (M.D. La. Dec. 6, 2010), *adopted*, 2011 WL 93856 (M.D. La. Jan. 10, 2011)(citing *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994)). Just like the prisoner in *Smith*, absent any assertion that defendants Seal and Hillman knew, with sufficient time and an opportunity to take action to prevent it, that the other defendants were about to utilize excessive force against Plaintiff, no viable claim for failure to intervene is presented. *Smith*, 2010 WL 5563507 at *2.

As for Secretary LeBlanc, he was added as a defendant by way of an amended complaint that was filed by Plaintiff before a responsive pleading or an enumerated Rule 12 motion was served. (Rec. doc. 5). That amended pleading contains no meaningful discussion of the Secretary's involvement in this matter other than a brief response, in answer to Question II(D) of the pre-printed §1983 complaint form regarding the exhaustion of prison administrative remedies, that Plaintiff implored the Secretary to entertain his grievance following the incident. (*Id*. at p. 3). Plaintiff's purported claim against the Secretary fails for two reasons. First, neither states nor state officials are considered to be "persons" within the meaning of §1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2303 (1989). Second, to the extent that Plaintiff complains of the Secretary's action/inaction in the prison administrative remedy process, such fails to state a claim upon which relief granted under §1983 as inmates have no constitutional right to an adequate, effective grievance procedure as to have their complaints investigated and resolved to their satisfaction. *Propes v. Mays*, 169 Fed. Appx. 183, 184-85 (5th Cir. 2006); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005); *Tyson v. Tanner*, No. 08-CV-4599, 2009 WL 2883056 at *5 (E.D. La. Aug. 25, 2009).

Also pending in this case are two motions for a temporary restraining order and for a preliminary injunction. (Rec. docs. 27, 28). In the first of those, Plaintiff seeks injunctive relief prohibiting the defendants from continuously denying him medical care, including treatment from practitioners outside RCC, and from otherwise retaliating against him. (Rec. doc. 27). In the second motion, Plaintiff seeks to enjoin the defendants from continuing him on extended lockdown after the completion of a ninety-day disciplinary sentence that was imposed on January 2, 2013. (Rec. doc. 28).

As for the first motion, while the Court does not now make any definitive determination on any Eighth Amendment medical claim raised by Plaintiff's complaint, suffice it to say that the sheer volume of medical records that have been provided to the Court and to Plaintiff tend to belie any deliberate indifference on the defendants' part. In any event, without a showing of a substantial likelihood that Plaintiff will prevail on the merits of such a claim, he fails to satisfy the first of the four criteria necessary to obtain a preliminary injunction. *Kennedy v. Potter*, 344 Fed.Appx. 987, 989-90 (5th Cir. 2009).

With respect to the second motion, because a prisoner's placement on extended lockdown is not an atypical and significant hardship in relation to the ordinary incidents of prison life, no constitutional violation is apparent for which injunctive relief would be appropriate. *Hodge v. B.B. Sixty Rayburn Corr. Center*, No. 08-CV-3193, 2008 WL 4628586 at *4-5 (E.D. La. Oct. 16, 2008). For these reasons, the Court will recommend that Plaintiff's motions for a temporary restraining order and a preliminary injunction be denied.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's claims against Nurse Seal, EMT Hillman, and Secretary LeBlanc be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

It is further recommended that Plaintiff's motions for a temporary restraining order and a preliminary injunction be denied.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this  24th  day of                April              , 2014.

```
                              _____
                              MICHAEL B. NORTH
                              UNITED STATES MAGISTRATE JUDGE
```